JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

JENNIFER HOLDREN

**DEFENDANTS**

COLLEGIUM PHARMACEUTICALS, INC.

**(b)** County of Residence of First Listed Plaintiff   MONTGOMERY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   NORFOLK
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Lane J. Schiff , Esquire
Console Mattiacci Law LLC, 1525 Locust Street, 9th Floor
Philadelphia, PA 19102 215-545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | | [ ] 790 Other Labor Litigation | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 791 Employee Retirement Income Security Act | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| | | | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §2000e, et seq. ("Title VII"); 43 P.S. §951, et seq. ("PHRA"); Phila. Code §9-1101, et seq. ("PFPO")

Brief description of cause:
Plaintiff brings this action against her former employer for sex discrimination, retaliation, and a hostile work environment.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
excess of $75,000

CHECK YES only if demanded in complaint:

JURY DEMAND:   [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE
June 1, 2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Flourtown, PA 19031 _____

Address of Defendant: _____ 780 Dedham Street, Suite 800, Canton, MA 02021 _____

Place of Accident, Incident or Transaction: _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes ☐  No ☑

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes ☐  No ☑

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes ☐  No ☑

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/1/21 _____ _____ 314179
Attorney-at-Law / Pro Se Plaintiff     Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
   *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Lane J. Schiff, Esquire _____, counsel of record *or* pro se plaintiff, do hereby certify:

☑  Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐  Relief other than monetary damages is sought.

DATE: 6/1/21 _____ _____ 314179
Attorney-at-Law / Pro Se Plaintiff     Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| JENNIFER HOLDREN | : | CIVIL ACTION |
| PLAINTIFF, | : | |
| v. | : | |
| COLLEGIUM PHARMACEUTICALS, INC. | : | |
| | : | NO. |
| DEFENDANT. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                                                     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                                                                  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                                                                                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.              ( X )

June 1, 2021

_____          _____          Plaintiff, Jennifer Holdren
**Date**                                      **Attorney-at-law**                            **Attorney for**

(215) 545-7676                              (215) 565-2859                              schiff@consolelaw.com
_____          _____          _____
**Telephone**                                 **FAX Number**                              **E-Mail Address**

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **JENNIFER HOLDREN**<br>**Flourtown, PA 19031** | : | |
| | : | |
| | : | **CIVIL ACTION NO.** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **COLLEGIUM PHARMACEUTICALS, INC.** | : | |
| **780 Dedham Street, Suite 800** | : | |
| **Canton, MA 02021** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## <u>COMPLAINT</u>

### I.   <u>INTRODUCTION</u>

Plaintiff, Jennifer Holdren, brings this action against her former employer, Collegium Pharmaceuticals, Inc. as a result of the invidious sex discrimination, retaliation, and hostile work environment to which she was subjected. Defendant's discriminatory and retaliatory conduct violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"), the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, as amended, Phila. Code §9-1101, *et seq*. ("PFPO"). Plaintiff seeks all damages, including economic loss, compensatory damages, punitive damages, attorneys' fees and costs, and all other relief this Court deems appropriate.

### II.   <u>PARTIES</u>

1.   Plaintiff, Jennifer Holdren, is a female individual, residing in Flourtown, Pennsylvania.

2.   Defendant, Collegium Pharmaceuticals, Inc., ("Defendant") is a corporation,

maintaining a place of business located 780 Dedham Street, Suite 800, Canton, MA 02021.

3.      At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

4.      At all times material hereto, Defendant acted as an employer of Plaintiff within the meaning of the statutes which form the basis of this matter.

5.      At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the statutes which form the basis of this matter.

**III.    JURISDICTION AND VENUE**

6.      The causes of action that form the basis of this matter arise under Title VII, the PHRA, and the PFPO.

7.      The District Court has jurisdiction over Count I (Title VII) pursuant to 28 U.S.C. §1331.

8.      The District Court has supplemental jurisdiction over Count II (PHRA) and Count III (PFPO) pursuant to 28 U.S.C. §1367.

9.      Venue is proper in the District Court under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred within this District.

10.     On or about May 24, 2018 Plaintiff filed a Complaint with the Pennsylvania Human Relations Commission ("PHRC"), complaining of the acts of discrimination, retaliation, and harassment alleged herein. This complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC").   Attached hereto, incorporated herein and marked as "Exhibit A" is a true and correct copy of the PHRC Complaint (with personal identifying information redacted).

2

11.     On or about March 3, 2021, the EEOC issued to Plaintiff a Notice of Right to Sue. Attached hereto, incorporated herein and marked as "Exhibit B" is a true and correct copy of that notice.

12.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

### IV.     FACTUAL ALLEGATIONS

13.     Plaintiff was employed by Defendant from on or about July 31, 2017 until on or about August 8, 2019.

14.     Plaintiff held the position of Therapeutic Specialist.  In that position, she was responsible for selling prescription drugs to physicians.

15.     Plaintiff's sales territory was Philadelphia South, and she worked throughout Philadelphia, Pennsylvania.

16.     Plaintiff consistently performed her job duties in a highly competent manner.

17.     On or about November 14, 2017, Plaintiff began reporting to David Young (male), Regional Sales Manager.

18.     Young subjected Plaintiff to sex discrimination and treated her differently and worse than his male direct reports.

19.     In or about December 2017, less than one (1) month after Plaintiff began reporting to Young, he inquired as to whether Plaintiff had been placed on a Performance Improvement Plan or a coaching plan and stated that Plaintiff would not succeed at Defendant.

20.     In or about January 2018, Young expressed hostility towards Plaintiff when she told him about a childcare conflict.  Young did not similarly express hostility when a male employee had a childcare conflict.

21.     On or about January 24, 2018, Plaintiff complained to Marlo Manning, Human Resources, that Young was subjecting her to sex discrimination.

22.     Plaintiff additionally complained that other female employees have been subjected to similarly hostile treatment by Young.

23.     Defendant failed to take appropriate corrective and remedial action in response to Plaintiff's complaint. As a result of Defendant's failure, Plaintiff continued to be subjected to sex discrimination and was additionally subjected to retaliation.

24.     In or about early February 2018, Young ignored Plaintiff at the National Sales Meeting.

25.     In or about March of 2018, Young unjustifiably berated Plaintiff for her sales numbers and failed to recognize Plaintiff's numerous accomplishments.

26.     On or about March 15, 2018, Young issued Plaintiff an unjustified negative field travel report, which is a report created after Young shadowed Plaintiff throughout a workday.

27.     On or about March 23, 2018, Young issued Plaintiff an unjustified 2017 performance review rating of "partially met expectations."

28.     The negative performance review resulted in no raise or stock options for Plaintiff.

29.     In or about April 2018, Plaintiff received her goals for the second quarter of 2018. Plaintiff's goals and expectations were higher, and less feasible, than other employees' goals and expectations in her region.

30.     On or about April 4, 2018, Plaintiff complained to Manning of sex discrimination and retaliation.  Plaintiff further complained that she did not feel comfortable working with Young.

31.     Defendant failed to take appropriate corrective and remedial action in response to Plaintiff's complaint.  As a result of Defendant's failure, Plaintiff continued to be subjected to sex discrimination and retaliation.

32.     On or about May 12, 2018, Plaintiff received another negative field travel report rating from Young.

33.     On May 24, 2018, Plaintiff filed a complaint with the PHRC and served a copy on Defendant.

34.     Following Plaintiff's PHRC Complaint, Defendant informed Plaintiff that she would still report to and work with Young but would temporarily not be required to physically work in his presence.

35.     Defendant further informed Plaintiff that it would conduct an internal investigation into Plaintiff's allegations of discrimination and retaliation.

36.     Defendant failed to take appropriate corrective and remedial action in response to Plaintiff's complaint. As a result of Defendant's failure, Plaintiff continued to be subjected to sex discrimination and retaliation.

37.     In or about September 2018, Young again ignored Plaintiff at the National Sales Meeting.

38.     In or about January 2019, Young interfered with Plaintiff's ability to perform her sales job duties by directing a Managed Care Director to not work with Plaintiff.

39.     In or about July 2019, Young unjustly criticized Plaintiff and spoke to her in a hostile manner after Plaintiff expressed concern with a certain pharmaceutical promotion that Defendant was offering to its customers.

40.     On or about August 7, 2019, Manning informed Plaintiff that Defendant's internal

investigation concluded that Young had not subjected her to discrimination or retaliation.

41.    Plaintiff informed Manning that Young had continued to treat her in an unlawful manner.

42.    Manning informed Plaintiff that she would again have to physically work with Young.

43.    On or about August 8, 2019, Plaintiff's employment was terminated.

44.    Plaintiff has been discriminated against because of her sex, retaliated against because of her complaints, and subjected to a hostile work environment.

45.    Plaintiff's sex was a determinative and motivating factor in the discriminatory treatment outlined herein.

46.    Plaintiff's engaging in protected activity was a determinative and motivating factor in the retaliatory treatment alleged herein, including, without limitation, treating her in a hostile manner, ignoring her, issuing her unjustified negative field reports, issuing her a negative performance review rating, providing her with higher performance goals and expectations, and instructing an employee not to work with her.

47.    Defendant's conduct would dissuade a reasonable employee from making complaints.

48.    Defendant failed to prevent or address the discriminatory and retaliatory conduct referred to herein and further failed to take corrective and/or remedial measures to make the workplace free of discriminatory and retaliatory conduct.

49.    Plaintiff was subjected to severe and/or pervasive conduct that interfered with her ability to perform her job duties and was not welcomed by Plaintiff, thereby creating a hostile work environment.

50.     The conduct to which Plaintiff was subjected was so severe and/or pervasive that a reasonable person in Plaintiff's position would find the work environment to be hostile and/or abusive.

51.     Plaintiff's sex and/or engaging in protected activity was a motivating and determinative factor in the hostile work environment to which she was subjected.

52.     As a direct and proximate result of the discriminatory and retaliatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures.

53.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of the unlawful behavior complained of herein unless and until this Court grants the relief requested herein.

## <u>COUNT I – TITLE VII</u>

54.     Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

55.     By committing the foregoing acts of discrimination, retaliation, and harassment against Plaintiff, Defendant violated Title VII.

56.     Defendant acted willfully and intentionally, and with malice and/or reckless indifference to Plaintiff's protected rights, thereby warranting the imposition of punitive damages.

57.     As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

58.     Plaintiff is now suffering and will continue to suffer irreparable injury and

monetary damages as a result of Defendant's violations of Title VII unless and until this Court grants the relief requested herein.

59.     No previous application has been made for the relief requested herein.

## COUNT II – PHRA

60.     Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

61.     By committing the foregoing acts of discrimination, retaliation, and harassment against Plaintiff, Defendant violated the PHRA.

62.     As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

63.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's violations of the PHRA unless and until this Court grants the relief requested herein.

64.     No previous application has been made for the relief requested herein.

## COUNT III – PFPO

65.     Plaintiff incorporates herein by reference the paragraphs above, as if set forth herein in their entirety.

66.     By committing the foregoing acts of discrimination, retaliation, and harassment against Plaintiff, Defendant violated the PFPO.

67.     Said violations warrant the imposition of punitive damages.

68.     As a direct and proximate result of Defendant's violation of the PFPO, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees

and costs.

69.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's violations of the PFPO unless and until this Court grants the relief requested herein.

70.     No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's unlawful conduct, and specifically prays that this Court grant the following relief to Plaintiff by:

(a) declaring the acts and practices complained of herein to be in violation of Title VII;

(b) declaring the acts and practices complained of herein to be in violation of the PHRA;

(c) declaring the acts and practices complained of herein to be in violation of the PFPO;

(d) enjoining and permanently restraining the violations alleged herein;

(e) entering judgment against Defendant and in favor of Plaintiff in an amount to be determined;

(f) awarding damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(g) awarding back pay and front pay;

(h) awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(i) awarding punitive damages to Plaintiff;

(j)  awarding Plaintiff such other damages and relief as is appropriate under Title VII, the

PHRA, and the PFPO;

(k)  awarding Plaintiff the costs of suit, expert fees and other disbursements, and

attorneys' fees; and

(l)  granting such other and further relief as this Court may deem just, proper, or equitable

including other equitable and injunctive relief providing restitution for past violations

and preventing future violations.

**CONSOLE MATTIACCI LAW, LLC**

Dated: June 1, 2021                    By:

Lane J, Schiff, Esquire
1525 Locust St., 9th Floor
Philadelphia, PA 19102
(215) 545-7676

**Attorney for Plaintiff,**
**Jennifer Holdren**

10

# EXHIBIT A

COPY

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

## COMPLAINT

COMPLAINANT:                          :

**JENNIFER HOLDREN**                  :      Docket No. *2017043 56*

v.                                    :

RESPONDENT:                           :

**COLLEGIUM PHARMACEUTICAL, INC.**    :

1.  The Complainant herein is:

    Name:       Jennifer Holdren

    Address:    REDACTED
                Flourtown, PA 19031

> **Received**
>
> MAY 2 4 2018
>
> PA Human Relations Commission
> Philadelphia Regional Office

2.  The Respondent herein is:

    Names:      Collegium Pharmaceutical, Inc.

    Address:    780 Dedham Street, Suite 800
                Canton, MA 02021

3.  I, Jennifer Holdren, the Complainant herein, allege that I was subjected to unlawful
discrimination because of my sex (female) and unlawful retaliation because of my complaints of
unlawful sex discrimination, as set forth below:

### Discrimination and Retaliation

**A.  I specifically allege:**

[1]      I began working at Respondent on or about July 31, 2017.

sex. I complained that Young treats me differently, and worse, than male employees. I complained that other female employees at Respondent have been subjected to similarly hostile, degrading, and demeaning treatment by Young.

[14]     Respondent has failed to take action to remedy or prevent the sex discrimination, including a hostile work environment, to which I have been and continue to be subjected.

[15]     Following my complaints of sex discrimination, Young became increasingly hostile toward me, and began treating me in a more dismissive, demeaning, and critical manner. Young treats me differently than he treats his male and/or noncomplaining direct reports.

[16]     Between February 5 and 8, 2018, Young ignored me at the National Sales Meeting.

[17]     On March 12 and 13, 2018, Young berated me for my sales numbers and appeared disinterested in anything I had to say. I asked Young why he does not recognize my accomplishments, like he recognizes the accomplishments of other employees, and if he knew what my weekly sales high was compared to the region's weekly sales high; he did not know and did not provide an explanation for failing to recognize my accomplishments.

[18]     On March 15, 2018, I received a negative field travel report rating from Young.

[19]     On March 23, 2018, I received a negative final performance review for 2017. The negative performance review resulted in no raise and no stock options for me. Young told me that my performance review was final and could not be challenged or appealed.

[28]     I have been discriminated against because of my sex and retaliated against because of my complaints of sex discrimination.

[29]     The sex discrimination to which I am, and have been, subjected at Respondent constitutes a continuing violation.

[30]     Respondent's comments and conduct toward me have caused me emotional distress.

[31]     Respondent's comments and conduct evidence a bias against female employees.

**B.**  Based on the aforementioned, I allege that Respondent has discriminated against me because of my sex (female), and has retaliated against me for complaining of sex discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").

4.     The allegations in Paragraph 3 hereof constitute unlawful discriminatory and retaliatory practices in violation of:

   **X**     **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s):  (a); (d)**

\_\_\_\_     Section 5.1 Subsection(s) _____

\_\_\_\_     Section 5.2 Subsection(s) _____

\_\_\_\_     Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961, P.L. 766, as amended) Section 4 Subsection(s) _____

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

5/24/18
(Date Signed)

(Signature) Jennifer Holdren
REDACTED
Flourtown, PA 19031

# EXHIBIT B

EEOC Form 161-B (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: **Jennifer Holdren**<br>REDACTED<br>**Flourtown, PA 19031** | From: **Philadelphia District Office**<br>**801 Market Street**<br>**Suite 1000**<br>**Philadelphia, PA 19107** |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | **Kurt Jung** | |
| **17F-2019-60341** | **State, Local & Tribal Program Manager** | **(267) 589-9749** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Jamie R. Williamson*

**Jamie R. Williamson**
**District Director**

**03/03/2021**
*(Date Issued)*

Enclosures(s)

cc: **COLLEGIUM PHARMACEUTICAL, INC.**

| | |
|---|---|
| **Rahul Munshi, Esq.**<br>**Console Mattiacci Law**<br>**1525 Locust Street, 9th Floor**<br>**Philadelphia, PA 19102**<br>munshi@consolelaw.com<br>buccieri@consolelaw.com | **Director of Human Resources**<br>**Collegium Pharmaceutical, Inc.**<br>**780 Dedham Street, Suite 800**<br>**Canton, MA 02021** |